## GEORGE W. FRY *et al.* v. E. S. TIPPETT.

1. AFFIDAVIT. *Certificate of justice.* No certificate is necessary at the close of an affidavit upon which a warrant is issued, that said affidavit was sworn to and subscribed before a justice.

2. PLEAS. *Motion to strike out.* The Code, section 3594 (M. & V.), provides that a plea may be stricken out, upon motion, if bad, for " duplicity," " prolixity," " irrelevancy," etc., and it is error to strike out a plea without the assignment of one of these reasons.

### FROM CARROLL.

Appeal in error from the Circuit Court of Carroll county. CLINTON ADEN, J.

MURRAY & HAWKINS for Fry.

A. & A. HAWKINS and McCALL & McCALL for Tippett.

DEADERICK, C. J., delivered the opinion of the court.

Tippett obtained a verdict and judgment against Fry and three other defendants, in the circuit court of Carroll county, for ninety-seven dollars and fifty cents, for damages for false imprisonment. The Referees recommend a reversal of the judgment, and plaintiff has excepted to their report. The defendants put in a plea of not guilty, and several pleas of justification in different forms, but substantially pleading the same defense in each of said pleas. The circuit judge, upon motion, not specifying the ground of objection, struck out said several pleas of justification,

Fry *v.* Tippett.

assigning no reason for his action. And the error or correctness of this ruling by his Honor has constituted the chief subject of discussion before us.

Fry was a constable of said county, and his co-defendants were summoned by him to assist in the arrest of plaintiff. Tippett was arrested by them, and for this arrest the suit was brought. He was taken for trial on the day of his arrest before another justice of said county and discharged. Fry, and his co-defendants, sought by plea to avail themselves of the plea of justification, as having a warrant regularly issued by a justice of the peace of said county for Tippett's arrest. The plea avers, in the usual form, that Fry was a constable of said county at the time of the arrest, July 24, 1883, and in his official capacity as constable. W. D. Jones, an acting justice of the peace of said county, placed in his hands a warrant for the arrest of said Fry, which warrant, in one of his pleas, is set out in full. It is in the usual form and recites that, whereas, complaint on oath has been made to him (said justice), that the offense of conspiracy to drive Fulton, Dortch and wife out of the county and burn houses, the said Fulton's tent having been burned, and there being reasonable ground to believe that said Tippett and two other named persons were the guilty parties, the officer was commanded forthwith to arrest said parties, etc. Signed by the justice, with seal, and dated July 24, 1883. Then it is averred that said warrant was based on the affidavit of W. D. Dortch and W. H. Robeson, which was reduced to writing by said W. D. Jones,

justice of the peace, and is in the following words and figures, to-wit: "We, W. D. Dortch and W. H. Robeson, make the following statement on oath." Then follows the charge that Tippett and the two other persons named in the warrant had conspired and burned, as charged in the warrant. This affidavit is dated July 24, 1883, and signed by Dortch and Robeson. But there is no certificate at its close that it was sworn to and subscribed before the justice. And it is insisted that without such attestation by the justice it is not such affidavit as the statute requires, and the warrant was, therefore, issued without authority of law and is void.

Two other pleas, one averring the burning of the tent, and the other conspiracy to kill Fulton, and the arrest of plaintiffs by Fry as an officer, without averring the issuance of a warrant on information on oath, were filed. The pleas of all the defendants were in substance the same, and were all stricken out, on motion, except the plea of not guilty, on which alone the trial was had. The Referees have reported that it was error in the court to strike out, on motion, the pleas of justification under the warrant issued by the justice of the peace, and that defendants were entitled to have issue taken upon said pleas. The reason given is, that the motion to strike out a plea is given by section 2882 of Code (new, section 3594), if bad, for "duplicity," "or if unnecessarily prolix, irrelevant or frivolous;" that neither of these objections was stated, nor is it insisted here that either excepts; and if bad because of failure to state a sub-

Fry *v.* Tippett.

stantial cause of defense, the objection should have been taken by demurrer: Old Code, secs. 2884–5; new, secs. 3596–7. And this is the ground of objection insisted upon in argument.

While we concur with the Referees in the reasons stated in support of their report, we think the report is correct, for the additional reason that the said pleas do state a substantial defense to the action.

The complaint, or information on oath, was made and signed by Dortch and Robeson, according to the recitals in the warrant, and both are in substantial compliance in all respects with the requirements of the new Code, sections. 5844 to 5853 inclusive, old, sections 5019 to 5027. The only objection taken is, that the magistrate did not certify to the oath to, and subscription of, the informants at the end of their affidavit. This is not required by the sections of the Code above cited. But he does recite that such informants did state to him on oath the facts stated in his warrant, and he therefore commanded the officer to forthwith arrest and bring said Tippett before him, etc. This warrant and the information purporting to be made upon oath of Dortch and Robeson, and reduced to writing by Jones, the justice, were incorporated in the plea. And in said plea it is averred, amongst other theories, that the warrant was issued upon the information and complaint contained in the affidavit of Dortch and Robeson, reduced to writing, by Jones, the justice. This complaint or information purports upon its face to have been sworn to, and is signed by the informers. The warrant recites that the infor-

mation on oath was given, and the plea avers the same thing. The affidavit and warrant need not to have been exhibited with the plea. It would have been sufficient to have averred therein the facts which they would prove, and introduce them on the trial as evidence. And if objection were made that the affidavit was not sworn to, the magistrate might, if required, have been introduced to prove it. But we are of opinion that · the recital in the warrant and affidavit, being averred as true in the plea, presented a case of valid defense, and issue should have been taken upon said pleas.

The evidence in this record does not present a case for vindictive damages against the officer and his assistants, who acted solely in obedience to what they believed was their duty, and the Referees were correct in so holding, and the instructions asked for, as modified by the Referees, should have been given.

The report will be confirmed, the judgment below reversed, and the cause remanded for a new trial.